Filed 10/28/15  P. v. Lopez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>MIGUEL LOPEZ,<br><br>　　　　Defendant and Appellant. | B262914<br><br>(Los Angeles County<br>Super. Ct. No. NA096894) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Laura Laesecke, Judge.  Affirmed.

Katja Grosch, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————————

In 2013 Miguel Lopez pleaded guilty to violating Penal Code sections 484e, subdivision (d) [theft of access cards], and 530.5, subdivision (a) [identity theft]. In accordance with a plea agreement, three more counts charging theft of access cards were dismissed and Lopez was sentenced to three years in county jail. In January of 2015, he filed a petition to recall his sentence pursuant to Penal Code section 1170.18, enacted as part of Proposition 47. The trial court denied that petition, noting that defendant's commitment offenses rendered him ineligible for relief under Proposition 47.

Defendant appealed and we appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. On August 6, 2015, we advised defendant he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.) Eligibility for resentencing under Penal Code section 1170.18 is limited to convictions for the offenses specified therein, in subdivision (a). Neither of defendant's commitment offenses are within the scope of that section.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED..

LUI, J.

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

2